IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE,
AT CHATTANOOGA

HICA EDUCATION LOAN )
CORPORATION )
)
    Plaintiff, )
)
vs. ) Civil Action No. 1:12-cv-72
) Mattice/Carter
CLAYTON WHETMORE, *also known as* )
Clayton E. Whetmore, *also known as* )
Clayton Earl Whetmore )
)
    Defendant. )

<u>REPORT and RECOMMENDATION</u>

    This is an action to recover unpaid monies due on student loans made to Clayton Whetmore pursuant to the United States Health Education Assistance Loan (HEAL) Program, 42 U.S.C. § 292 *et seq*. The HICA Education Loan Corporation (HICA) seeks a default judgment [Doc. 8] for the unpaid principal in the combined amount of $41,831.61, together with accrued, unpaid interest (calculated through September 10, 2013) in the combined amount of $6,433.22, and interest continuing to accrue from September 10, 2013, to the date of judgment at the combined rate of $4.07 per day. Plaintiff also requests post-judgment interest.

    This motion is before the undersigned Magistrate Judge for a report and recommendation having been referred by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Default was entered in this case against defendant Clayton Whetmore on June 20, 2012, after he failed to respond to the complaint.

    The granting of a motion for default judgment is "at all times left within the sound discretion of the court." *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure

1

55). Courts have recognized, however, that "[i]t is fundamental that not all injuries are legally compensable; a tenet which may not be bypassed simply because a party fails to respond to a complaint. Thus, among the considerations a court is to employ when determining the propriety of entering a judgment by default is whether there exists a sufficient basis in the pleading for the judgment's entry; or similarly, whether a viable cause of action is alleged." *Id.* (citations omitted).

Accordingly, the U.S. Court of Appeals for the Sixth Circuit has decided that courts should exercise their given discretion in favor of denying a motion for default judgment when the plaintiff's complaint fails to state a claim upon which relief can be granted. *Bailey v. Harrison*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997); *In re Cook*, 342 B.R. 384, 2006 WL 908600, at *3 (B.A.P. 6th Cir. Apr. 3, 2006) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55); *see also Parks v. Conley*, 178 F.3d 1295, 1999 WL 195740, at *2 (6th Cir. Mar. 23, 1999) (denying motion for default judgment and granting summary judgment in favor of the opposing party); *Starr v. Corley*, 662 F. Supp. 219, 220 (N.D. Ohio 1987). In determining whether the complaint states a claim, the court should accept as true all well-pleaded allegations, except those relating to the amount of damages. *Cook*, 2006 WL 908600, at *3.

In this case, HICA alleges Whetmore executed promissory notes to secure loans authorized under the Health Education Assistance Loan Program, 42 U.S.C. §§ 292/294, and has defaulted on those loans. To recover on a federally guaranteed promissory note, HICA must first make a prima facie showing that (1) the defendant signed it, (2) the plaintiff is the present owner or holder and (3) the note is in default. *United States v. Petroff-Kline,* 557 F.3d 285, 290 (6th Cir.

2

2009); *see also Pennsylvania Higher Educ. Assistance Agency v. Francioni*, 2011 WL 5122680

(E.D. Va. Sept. 8, 2011). HICA makes the following allegations in its complaint:

> 5. The Defendant signed seven (7) promissory notes pursuant to the provisions of the HEAL Statutes and Regulations. These promissory notes ("the Notes"), copies of which are attached hereto and incorporated herein by reference, are described as:

| System Note # | Exhibit | Date [1] | Stated Amount | Payee |
|---|---|---|---|---|
| 2 | 1 | December 7, 1982 | $4,500.00 | First American Bank, N.A. |
| 3 | 2 | January 10, 1984 | $2,500.00 | Bank One, Columbus, N.A. |
| 4 | 3 | February 3, 1984 | $5,000.00 | Bank One, Columbus, N.A. |
| 5 | 4 | August 24, 1984 | $15,000.00 | Boatmen's Bank & Trust Co. of K.C. |
| 6 | 5 | January 28, 1985 | $5,000.00 | Central Bank of Kansas City |
| 7 | 6 | May 6, 1985 | $20,000.00 | Bank of Indiana National Association |
| 8 | 7 | April 10, 1986 | $6,000.00 | Bank of Indiana, National Association |

> 6. The sums described in the Notes were loaned and advanced to Defendant.
>
> 7. The Notes were sold, transferred, and assigned to Plaintiff by the Student Loan Marketing Association (SLMA), and, therefore, Plaintiff is the owner and/or holder of the Notes. …
>
> 8. Defendant failed to make the payments that are due and owing under the terms of the Notes, and, despite demand for payment, Defendant has not repaid the sums that are due and owing under the Notes in accordance with the terms of the Notes.

(Complaint, Doc. 1). Copies of the promissory notes, signed by plaintiff, are attached to the complaint. Plaintiff has also submitted documentation to show that SLMA was the owner of the notes at the time SLMA transferred them to plaintiff. [*See* Doc. 13].

There are also several procedural requirements which a plaintiff must satisfy before default judgment can be entered in the plaintiff's favor. First, the plaintiff must properly serve the defendant with process. *Broadcast Music v. Marler*, 2009 WL3785878 *4 (E.D. Tenn. Nov. 12, 2009) (citing *Virgin Records America, Inc. v. Bagan,* 2009 WL 2170153 (D.N.J. Jul.21, 2009)). Proof of service was filed in the court record [Doc. 4] indicating defendant was served on March 17, 2012.

Second, "the plaintiff must fulfill the procedural obligations of Fed.R.Civ.P. 55. Specifically, the plaintiff must first seek entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint." *BroadcastMusic,* 2009 WL3785878 at *4, (citing *Keesh Construction, Inc. v. United States,* No. 1:02-CV-899, 2004 WL 2536840, *1 n. 1 (S.D.Ohio Sep.28, 2004)). "Once the clerk has entered a default, the moving party may then seek entry of a default judgment. ... If the plaintiff's claim is for a sum certain, default judgment will be entered by the clerk, but if damages are uncertain or other relief is sought, the plaintiff must apply to the Court for default judgment." *BroadcastMusic,* 2009 WL3785878 at *4, (citing Fed.R.Civ.P. 55(b) and *Keesh Construction, Inc.*, 2004 WL 2536840, at*1 n. 1.) Default was entered in this case on June 20, 2012, after plaintiff failed to respond to the complaint.

Third, if the defendant has entered an appearance, then the defendant must be served with notice at least three days before the hearing. *BroadcastMusic,* 2009 WL3785878 at *4, Fed.R.Civ.P. 55(b)(2); *Virgin Records,* 2009 WL 2170153, at *1. A waiver of service does not constitute an appearance for purposes of Fed. R. Civ. P. 55. *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999); *Sylvester, Ruud, Petrie & Cruzen v. Halpern*, 967 F.2d 591 (9th Cir. June 25, 1991) (Table); *Exim, Inc. v. Innogarant, LLC*, 2011 WL 240130 *3 (S.D.N.Y. Jan. 19, 2011). Defendant has never entered an appearance in this case thus no notice is required.

Fourth, "the plaintiff must submit an affidavit stating that the defendant is not an infant or incompetent person." *Broadcast Music,* 2009 WL3785878 at *4; *Ross v. Baker,* 2006 U.S. Dist LEXIS 77216 (W.D.Mich. Oct. 23, 2006) (citing Fed.R.Civ.P. 55(b)); *Disney Enters. v. Farmer,* 427 F.Supp.2d 807, 815 (E.D.Tenn.2006)).

4

Fifth, and finally,

> the plaintiff must submit an affidavit stating whether the defendant is in military service, or if plaintiff is unable to determine whether the defendant is in military service, stating so. Servicemembers Civil Relief Act ("SCRA") § 201(b), 50 U.S.C. app. § 521(b)(1). The SCRA affidavit is a prerequisite to the entry of a default judgment. *Merrill v. Beard,* 2007 WL 461469, at *3 (N.D.Ohio Feb.7, 2007). The affidavit must include more than a "bare assertion" based "upon information and belief," but must set forth specific facts establishing the plaintiff's efforts to determine whether the defendant is in military service. *Chanel, Inc. v. Adeyemi,* 2009 WL 2590640, at *2 (D.Ariz. Aug.21, 2009) (citing *United States v. Simmons,* 508 F.Supp. 552, 552 n. 1 (D.Tenn.1980)).

*Broadcast Music,* 2009 WL3785878 at *4.

HICA has submitted the affidavit of Senior Litigation Analyst Robin Zimmerman, an employee of plaintiff's servicing agent, Sallie Mae, Inc., stating that, to the best of her knowledge, defendant is not incompetent or an infant and that she has accessed the United States Defense manpower Data Center which does not possess any information indicating defendant is a member of the United States military. Thus the fourth and fifth procedural requirements are met.

Finally, as to damages, once a default is entered, entry of default judgment for the amount and costs against defendant without further proof of damages is proper if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(a); *Citizens Bank v. Parnes,* 376 Fed. Appx. 496, 506 (6th Cir. May 4, 2010)*; Hernandez v. Detroit-Wayne County Community Mental Agency*, 2011 WL 5995260 *1 (E. D. Mich. October 21, 2011). However, while "[p]roof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount, … a hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages.") *Broadcast Music v. Marler*, 2009 WL 3785878 * 5 (E.D. Tenn. Nov. 12, 2009) (citing *LeFarge N. Am. Inc. v. Wells Group, Inc.*, 2009 WL 2601854, at *5 (E.D. Tenn. Aug. 24, 2009)); *see also*

5

*Pennsylvania Higher Educ. Assistance Agency v. Francioni*, 2011 WL 5122680 (E.D. Va. Sept. 8, 2011) (determining damages on the basis of uncontested affidavits.)

In support of its calculation of damages, HICA has provided the Robin Zimmerman's affidavit and she asserts she is personally familiar with the facts of this lawsuit and avers that defendant owes the plaintiff for the unpaid principal in the combined amount of $41,831.61, together with accrued, unpaid interest (calculated through September 10, 2013) in the combined amount of $6,433.22, and interest continuing to accrue from September 10, 2013, to the date of judgment at the combined rate of $4.07 per day. (Zimmerman Aff., Ex. 1 to Second Motion for Default Judgment, Doc. 13).

Plaintiff also asks for post-judgment interest in its complaint and motion for default judgment. In a footnote in its motion for default judgment, the plaintiff asks that post-judgment interest be calculated according to the formula set forth in each of the promissory notes. (*See* Motion for Default Judgment at 2 n.1). In each promissory note, there is a section entitled "INTEREST" which is comprised of three numbered paragraphs. The second paragraph in the "INTEREST" provision sets forth the formula for interest to be paid. The first paragraph of the section entitled "INTEREST" provides, "[b]eginning on the day the loan is disbursed and ending when the repayment period commences, interest shall accrue…" as calculated in paragraph 2. The undersigned concludes that the calculation of interest as set forth in the second paragraph of the section entitled "INTEREST" was intended to be used as a calculation of the interest on the loan charged in the normal course of the loan; it was not intended by the parties to the loan to be used as a calculation of post-judgment interest. Plaintiff asks that, in the alternative, plaintiff be awarded post judgment interest pursuant to 28 U.S.C. § 1961.

Accordingly, it is RECOMMENDED that HICA be awarded judgment in the amount of $48, 264.83 and interest at $4.07 per day from September 10, 2013 until the date judgment is entered, that HICA be awarded post-judgment interest to be calculated pursuant to 28 U.S.C. § 1961, and that HICA be awarded reasonable attorney's fees and court costs. It is further RECOMMENDED that upon entry of judgment, plaintiff shall promptly file its motion for attorney's fees accompanied by detailed invoices evincing counsel's work in this case.[1]

s/*William B. Mitchell Carter*
WILLIAM B. MITCHELL CARTER
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).