UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION, ) ) ) *Plaintiff*, ) ) v. ) ) CLAYTON WHETMORE, *also known as* ) Clayton E. Whetmore, *also known as* ) Clayton Earl Whetmore ) ) *Defendant.* ) ) | Case No. 1:12-cv-00072 Judge Mattice Magistrate Judge Carter |

## **ORDER**

On October 9, 2012, the Court referred Plaintiff's Motion for Default Judgment (Doc. 8) to United States Magistrate Judge William B. Carter for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (Doc. 9). On July 7, 2014, Magistrate Judge Carter filed his Report and Recommendation, recommending that: (1) Plaintiff be awarded judgment in the amount of $48,264.83 and interest at $4.07 per day from September 10, 2013 until the date judgment is entered; (2) Plaintiff be awarded post-judgment interest to be calculated pursuant to 28 U.S.C. § 1961; and (3) Plaintiff be awarded attorneys' fees and costs. (Doc. 15 at 7). Magistrate Judge Carter further recommended that upon entry of judgment, Plaintiff promptly file its motion for attorneys' fees, including detailed invoices evincing counsel's work in this action. (*Id.*).

Defendant has filed no objections to the Magistrate Judge's Report and Recommendation.[1] Nevertheless, the Court has reviewed *de novo* the record in this matter, and it agrees with the Magistrate Judge's well-reasoned conclusions.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's findings of fact and conclusions of law. Plaintiff's Motion for Default Judgment is **GRANTED** consistent with Magistrate Judge Carter's Report and Recommendation. Pursuant to Fed. R. Civ. P. 58(a), the Clerk of Court is **DIRECTED** to enter a separate document entering judgment in favor of Plaintiff.

**SO ORDERED** this 4th day of August, 2014.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Magistrate Judge Carter specifically advised Defendant that he had 14 days in which to object to the Report and Recommendation and that failure to do so would waive his right to appeal. (Doc. 45); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

2